# RECORD NO. 17-1550

In The

# United States Court Of Appeals
## For The Fourth Circuit

**TYRONE REED SCOTT, Administrator of the Estate of Della Scott, Deceased,**

*Plaintiff - Appellant,*

**v.**

**CG BELLKOR, LLC, d/b/a Chamberlayne Garden Apartments;
BLUE VALLEY APARTMENTS, INC.; FICKLING MANAGEMENT
SERVICES; PREMIER RE FUND, III LLC,**

*Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

_____

## BRIEF OF APPELLANT
_____

Curtis M. Hairston, Jr.
THE GEE LAW FIRM, P.C.
211 East German School Rd.
Richmond, VA 23224
(804) 226-4111

Gary C. Jones, Jr.
Mark C. Nanavati
SINNOTT, NUCKOLS
 & LOGAN, PC
13811 Village Mill Dr.
Midlothian, VA 23114
(804) 893-3864

Brian A. Richardson
MCCANDLISH HOLTON PC
1111 East Main St.
Suite 1500
P. O. Box 796
Richmond, VA 23218
(804) 775-3100

*Counsel for Appellant*

*Counsel for Appellees
 CG Bellkor, LLC, d/b/a
 Chamberlayne Garden Apartments;
 Blue Valley Apartments, Inc.*

*Counsel for Appellees
 Fickling Management Services;
 Premier Re Fund, III LLC*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __17-1550__    Caption: __Tyrone Scott v. CG Bellkor, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Tyrone Scott__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.    Does party/amicus have any parent corporations?   ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?   ☐YES ☑NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Curtis M. Hairston, Jr.          Date:      5/10/2017

Counsel for: Tyrone Scott

## CERTIFICATE OF SERVICE
****************************

I certify that on ____5/10/2017____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Mark C. Navanti, Esq. (VSB 38709)          Brian A. Richardson, Esq. (VSB 68582)
Christopher Jones, Esq. (VSB 82260)         James M, Synder, Esq. (VSB 47424)
Sinnott, Nuckols & Logan, PC               McCandlish Holton, P.C.
13811 Village Mill Drive                   1111 East Main Street, Suite 2100
Midlothian, VA 23113                        P.O. Box 796
                                           Richmond, VA 23218

Curtis M. Hairston, Jr.                              5/10/2017
_____                    _____
     (signature)                                    (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ...................................................................... ii

JURISDICTIONAL STATEMENT ...........................................................1

ISSUES PRESENTED FOR REVIEW ......................................................1

STATEMENT OF THE CASE...................................................................1

       Statement of Facts...........................................................................3

SUMMARY OF THE ARGUMENT .........................................................3

ARGUMENT .............................................................................................4

       Standard of Review..........................................................................4

       Discussion of the Issues ..................................................................5

CONCLUSION.........................................................................................13

ORAL ARGUMENT REQUESTED.........................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

Bernard v. Carlson Companies-TGIF,
    60 Va. App. 400, 728 S.E.2d 508 (2012) .........................................................6

Bradshaw v. Aronovitch,
    170 Va. 329, 196 S.E. 684 (1938) ...................................................................6

Butler v. S. States Co-op., Inc.,
    270 Va. 459, 620 S.E.2d 768 (2005) ...............................................................7

Clifton v. Clifton Cable Contracting, LLC,
    54 Va. App. 532, 680 S.E.2d 348 (2009) .........................................................5

Cnty. of Chesterfield v. Johnson,
    237 Va. 180, 376 S.E.2d 73 (1989) .................................................................5

Continental Life Ins. Co. v. Gough,
    161 Va. 755, 172 S.E. 264 (1934) ...................................................................7

Demetres v. E. W. Const., Inc.,
    776 F.3d 271 (4th Cir. 2015) ...........................................................................4

Evans v. B.F. Perkins Co.,
    166 F.3d 642 (4th Cir. 1999) ...........................................................................4

Ghazarian v. Bob Windsor Construction, LLC,
    JCN VA00001014518, 2016 WL 1533302
    (Virginia Workers' Compensation Commission Apr. 8, 2016) ...................11

Grand Union Co. v. Bynum,
    226 Va. 140, 307 S.E.2d 456 (1983) ...............................................................5

Herring v. Olsten Temporary Services,
    VWC File No. 158-43-29 (June 22, 1993)....................................................11

Hill City v. Trucking, Inc. v. Christian,
    238 Va. 735, 385 S.E.2d 377 (1989) ...............................................8, 9, 10, 12

Hilton v. Martin,
275 Va. 176, 654 S.E.2d 573 (2008) .................................................... 6, 9, 10

Immer & Co. v. Brosnahan,
207 Va. 720, 152 S.E.2d 254 (1967) ............................................................8

Jeffries v. Richfood Holdings, Inc.,
VWC File No. 189-22-10 (February 22, 1999)..........................................11

Khalio v. WK's Café,
67 O.I.C. 89 (1988) ....................................................................................12

Mktg. Profiles, Inc. v. Hill,
17 Va. App. 431, 437 S.E.2d 727 (1993) .......................................................8

Moorefield v. Boxco, Inc.,
2011 WL 3802152 (Aug. 30, 2011) ...........................................................8, 9

Purves v. Manchester Mktg., Inc.,
21 Va. Cir. 16 (1990)....................................................................................7

R & T Investments, Ltd. v. Johns,
228 Va. 249, 321 S.E.2d 287 (1984) ...................................................3, 6, 10

Reamer v. Nat'l Serv. Indus.,
237 Va. 466, 377 S.E.2d 627 (1989) ..................................................7, 8, 10

Richmond Newspapers, Inc. v. Hazelwood,
249 Va. 369, 457 S.E.2d 56 (1995) ...............................................................7

Roberson v. Whetsell,
21 Va. App. 268, 463 S.E.2d 681 (1995) .......................................................8

**Statutes:**

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 1332(a) .......................................................................................1

28 U.S.C. § 2107(b) .......................................................................................1

VA Code Ann. § 65.2-101 .................................................................*passim*

**Rules:**

Fed. R. Civ. P. 12(b)(1).........................................................................2, 4

Fed. R. Civ. P. 12(b)(6)............................................................................2

**Other Authority:**

1 A. Larson, *The Law of Workmen's Compensation* 11.11(a) (1984)..................6, 7

## JURISDICTIONAL STATEMENT

The District Court exercised diversity jurisdiction over Plaintiff's claim because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This is an appeal from the final judgment of a United States District Court, thus this court has jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's final order, dismissing all claims in this case, was entered on March 27, 2017 (JA41). The Plaintiff filed her notice of appeal on April 26, 2017, making the appeal timely under 28 U.S.C. § 2107(b) (JA42).

## ISSUES PRESENTED FOR REVIEW

Did Benjamin Dancy's robbing and stabbing of Della Scott while she was working as a leasing agent for Fickling Property Management arise out of her employment and trigger the exclusivity provision of the Virginia Workers' Compensation Act?

## STATEMENT OF THE CASE

This case arises out of the murder of Della Scott that occurred on December 19, 2013 at the Chamberlayne Garden Apartments in Richmond, Virginia. At the time of the incident, Defendant Blue Valley Apartments owned, operated, and maintained the Apartments while Defendant Fickling managed the property. Della Scott was a leasing agent for Fickling, and part of her duties included working for Chamberlayne Garden Apartments.

Plaintiff, as Administrator of the Estate for Della Scott, deceased, filed a complaint in the Circuit Court for the City of Richmond, Virginia, on November 12, 2015, alleging that the Defendants were negligent in failing to provide adequate security and to protect the Apartments' employees from foreseeable acts (JA15-18).

This case was removed to the Eastern District of Virginia on December 21, 2015, and Blue Valley and Fickling subsequently filed similar Motions to Dismiss on January 6, 2016 and January 8, 2016, respectively, on the basis of lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, Blue Valley and Fickling argued that Scott's claims are barred by the exclusivity provision of the Virginia Workers' Compensation Act. On May 31, 2016, Fickling also moved to dismiss non-diverse parties, including Defendant CG Belkor, LLC and Premier RE Fund, III LLC as being fraudulently joined.

On March 27, 2017, the District Court for the Eastern District of Virginia, Richmond Division, issued its Memorandum Opinion granting the Motion to Drop Parties (JA21), finding that CG Belkor and Premier RE Fund were fraudulently joined. The Court also granted the Fickling Motion to Dismiss and the Blue Valley Motion to Dismiss, finding that the Virginia Workers' Compensation Act provides the exclusive remedy for Scott's death (JA21). The Administrator for Ms. Scott's Estate filed her notice of appeal on April 26, 2017 (JA42).

**Statement of Facts**

During the holiday season, on December 19, 2013, Della Scott was working as a leasing agent for Fickling Property Management at Chamberlayne Garden Apartments in Richmond, Virginia. While in the leasing office, she was approached by Benjamin Dancy, who requested to speak to an individual who no longer worked there (JA15-18). After Scott advised Dancy that the individual no longer worked there, Dancy pulled out a knife and robbed Scott of her personal effects. He then forced Scott and Carolyn Chapman, the other employee in the office at the time, into the bathroom (JA15-18). Once in the bathroom, Dancy robbed Scott and stabbed her multiple times all over her body. She died from the stab wounds (JA15-18).

Prior to her death, Scott had advised management of the criminal activity on or around Chamberlayne Garden Apartments. As a result of the increased criminal activity, Scott requested that they hire security to patrol the area and protect her and the other employees (JA15-18).

**SUMMARY OF THE ARGUMENT**

The vicious criminal assault on Della Scott while at work was not augmented because of the peculiar character of her job as a leasing agent nor because of the special liability to assault associated with the environment in which she worked. *See* R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984). Because the risk of this criminal assault was common to the neighborhood, Scott's

injury does not satisfy the arising out of standard that must be met in order to trigger the exclusivity provision of the Virginia Workers' Compensation Act. Accordingly, the Defendants' 12(b)(1) Motion to dismiss for lack of subject matter jurisdiction, essentially a plea in bar, should be denied.

## ARGUMENT

### Standard of Review

The Defendants argue that the complaint should be dismissed because Scott's claims are barred by the exclusivity provision of the Virginia Workers' Compensation Act. The Defendants present this as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) which challenges the Court's subject-matter jurisdiction. The appeals court reviews a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) *de novo*. Demetres v. E. W. Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015) *citing* Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

In a motion to challenge the Court's subject-matter jurisdiction under Rule 12(b)(1), the burden rests with the Plaintiff. Demetres v. E. W. Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015) (citations omitted). The court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647 (1999).

4

## Discussion of the Issues

The Virginia Workers' Compensation Act does not bar Scott's claim. In order to be within the Workers' Compensation Act's exclusive purview, one must satisfy each of its requirements which prescribe the nature of compensable injuries. Compensation is provided for injuries which (1) are caused by accident; (2) arise out of the employment; (3) and occur in the course of employment. VA Code Ann. § 65.2-101. Here, Scott has met her burden by proving that her death did not arise out of her work as a leasing agent and therefore her claim is not barred by the Act.

"The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Clifton v. Clifton Cable Contracting, LLC, 54 Va. App. 532, 539, 680 S.E.2d 348, 352 (2009) (quoting Grand Union Co. v. Bynum, 226 Va. 140, 143, 307 S.E.2d 456, 458 (1983)). No matter how tempting it is to conflate the two concepts, Courts must be vigilant "to maintain the distinction between arising 'out of' and arising 'in the course of' employment." Cnty. of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989).

As an initial matter, it is undisputed that Scott was injured "by accident" within the "course of her employment," thus fulfilling two out of the three requirements of the Act. The dispositive question remains as to whether Scott's injury arose out of her employment.

As the Virginia Supreme Court reiterated in <u>Hilton v. Martin</u>, the Court applies "the 'actual risk' test" to determine if an injury arises out of employment. 275 Va. 176, 180, 654 S.E.2d 573, 574 (2008). Under the actual risk test, an injury comes within the Act "only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done." <u>Id.</u> An "'actual risk' of employment" is "not merely the risk of being injured while at work." <u>Bernard v. Carlson Companies-TGIF</u>, 60 Va. App. 400, 405, 728 S.E.2d 508, 511 (2012).

> "The Workers' Compensation Act excludes an injury which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. <u>The causative danger must be peculiar to the work and not common to the neighborhood.</u> It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

<u>Bradshaw v. Aronovitch</u>, 170 Va. 329, 335, 196 S.E. 684, 686 (1938).

In assault cases, the requisite nexus is supplied if there is "a showing that the probability of assault was augmented either because of the peculiar character of the claimant's job or because of the special liability to assault associated with the environment in which he must work." <u>R & T Investments, Ltd. v. Johns</u>, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984) *citing* 1 A. Larson, *The Law of Workmen's Compensation* 11.11(a) at 3-161 (1984). For example, occupations that have, for

obvious reasons, been held to subject the employee to a special risk of assault and increased likelihood of robbery are those jobs that involve carrying money or that entail the handling of money. Id. *citing* 1 A. Larson, *The Law of Workmen's Compensation* 11.11(a) at 3-161 to 3-165 (1984).

In <u>Reamer v. Nat'l Serv. Indus.</u>, 237 Va. 466, 377 S.E.2d 627 (1989)[1], the Virginia Supreme Court held that an assault did not arise out of the employment when an employee of a furniture store was sexually assaulted in the store. She filed a lawsuit against her employer, alleging that they failed to provide adequate security despite having been on notice of unsafe conditions. <u>Id.</u> at 466, 377 S.E.2d at 627. Quoting <u>Continental Life Ins. Co. v. Gough</u>, 161 Va. 755, 759-60, 172 S.E. 264, 266 (1934), the Court stated

> "if the assault was personal to the employee and was not directed against him as an employee, or because of his employment, then the injury is not compensable. In other words, simply because the employee sustains an injury from an assault made upon him by a third party does not entitle him to compensation; <u>he must go further and prove that the assault was directed against him as an employee, or because of his employment</u>; that is, that it arose out of as well as in the course of his employment."

---

[1] Cited with approval in <u>Butler v. S. States Co-op., Inc.</u>, 270 Va. 459, 620 S.E.2d 768 (2005) (holding that an assault did not arise out of the employment when employee was sexually assaulted by co-worker when delivering product to a customer while working); <u>Richmond Newspapers, Inc. v. Hazelwood</u>, 249 Va. 369, 457 S.E.2d 56 (1995) (holding that assault did not arise out of employment when employee was "goosed" by fellow co-worker); <u>Purves v. Manchester Mktg., Inc.</u>, 21 Va. Cir. 16 (1990) (finding that injury did not arise out of the employment when an employee working at a convenience store in a high crime area was sexually assaulted at night by random customer who didn't take anything from the employer).

(emphasis added). The <u>Reamer</u> Court relied on the following facts to support their holding - the assailant had previously spoken with her in the store, he did not mention money, he shoved her at knifepoint into the bathroom and sexually assaulted her, stole her personal items, and threatened to kill her. <u>Id.</u> at 471, 377 S.E.2d at 630. The Court applied the actual risk test and found that "nothing in the nature of employment in a furniture- rental store increases the risk of rape and forcible sodomy." <u>Id.</u> at 472, 377 S.E.2d at 630.

Again, in <u>Hill City v. Trucking, Inc. v. Christian</u>, the Virginia Supreme Court held that an assault did not arise out of employment when a long-distance truck driver was robbed at gunpoint. 238 Va. 735, 385 S.E.2d 377 (1989) [2] (cited with approval in <u>Moorefield v. Boxco, Inc.</u>, 2011 WL 3802152 (Aug. 30, 2011) (Court of

---

[2] In <u>Roberson v. Whetsell</u>, 21 Va. App. 268, 463 S.E.2d 681 (1995), the Court of Appeals distinguished <u>Hill City Trucking</u> when holding that a custodian who was shot and killed while taking a prescribed route past a housing project while working arose out of employment. This is no different than the application of the street-risk doctrine, which stands for the proposition that street or highway injuries to employees while driving during work are presumed to arise out of the employment. *See e.g.* <u>Immer & Co. v. Brosnahan</u>, 207 Va. 720, 152 S.E.2d 254 (1967) (holding that injuries suffered by claimant who was in car accident while en route from work to doctor's office for treatment of original injury did arise out of the employment under the street risk doctrine exception- reasoning that the hazards of travel became necessary incident of his employment); <u>Mktg. Profiles, Inc. v. Hill</u>, 17 Va. App. 431, 433, 437 S.E.2d 727, 728 (1993) (holding that a photographer's injuries arose out of employment when he was in a car accident on the way home from a photo shoot for work, the court stating that Virginia follows the majority of courts by adopting what is known as the 'actual risk test,' under which it is immaterial whether the degree of exposure is increased, if in fact the employment subjected the employee to the hazards of the street).

Appeals affirmed the Commission's decision, ruling that a violent assault and robbery of a cable man's personal wallet while working in a low-income apartment complex did not arise out of his employment). During a return trip, the truck driver stopped to get gas and cash a $1,000 check which his employer wired him to cover his expenses. Id. at 737, 385 S.E.2d at 378.  After paying $425 to cover the gas, he took the remaining money and resumed his journey. Id. Shortly thereafter, he was pulled over by what he thought was a police officer but discovered to be two men who robbed him at gunpoint, saying "we want your money." Id. He threw his wallet at them, and while retreating to his truck they shot him, fleeing without stealing anything from the employer. Id. Applying the "actual risk" test and reiterating the proposition that workers' compensation "excludes an injury which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment," the Court upheld the Deputy Commissioner's decision denying benefits, opining that it is not "apodictic that [truck drivers] are subject to physical assault and robbery from their persons simply because they are driving tractor trailers." Id. at 739-740, 385 S.E.2d at 380.

As recently as 2008, the Virginia Supreme Court held that a criminal assault did not arise out of the employment when a paramedic died after being hit with a charged defibrillator while working in an ambulance. Hilton v. Martin, 275 Va.

176, 654 S.E.2d 572. The <u>Hilton</u> Court held that there was no actual risk even though attacker, a co-worker, used the employer's equipment, a defibrillator, which would have been accessible only to employees while working. <u>Id.</u> at 181, 654 S.E.2d at 575.

These cases represent the long-standing jurisprudence of our Virginia courts, that a criminal attack routinely fails to **arise out of the employment** unless there is evidence that it is an actual risk of the employment. The Workers' Compensation Act does not apply to every injury that occurs in the workplace. The proper focus is whether the injury was personal in nature and not part of the "actual risks" associated with the employment. Exceptions have been carved out, for example, when the employment involves carrying valuable property or entails the handling of money. *See e.g.* <u>R & T Investments</u>, 228 Va. at 254, 321 S.E.2d at 290 (Virginia Supreme Court holding that an assault did arise out of the employment when the employee who dealt in precious metals was assaulted by bank robber at a bank when making one of her required daily bank deposits).

Here, Scott's case is similar to <u>Reamer</u> and <u>Hill</u>, in that "nothing in the nature of employment in a [leasing office] increases the risk of [assault]." *See* <u>Reamer</u>, 237 Va. at 472, 377 S.E.2d at 630. The record is devoid of evidence that leasing agents who work in a leasing office are subject to a special risk of assault solely given the peculiar nature of their job duties. Nothing in the record shows that the criminal

attack on Scott was an actual risk of her employment- here, Dancy was not a tenant, did not ask about an apartment, nor complained about an apartment. Of significance, Dancy didn't steal or attempt to steal anything from Scott's employer. In fact, <u>he robbed Scott personally</u>.

It is illustrative that Virginia Workers' Compensation Commission rulings consistently deny compensation to claimants when there is no evidence showing that the criminal act by a general member of the public was an actual risk of the employment, especially when the employee's personal items were stolen with the employer's property left untouched. *See, e.g.*, <u>Ghazarian v. Bob Windsor Construction, LLC</u>, JCN VA00001014518, 2016 WL 1533302 (Virginia Workers' Compensation Commission Apr. 8, 2016) (finding that an assault did not arise out of the employment when a construction worker and co-workers were robbed of their personal effects while demolishing a house even though evidence was presented showing that the neighborhood was a high crime area); <u>Jeffries v. Richfood Holdings, Inc.</u>, VWC File No. 189-22-10 (February 22, 1999) (holding that assault did not arise out of the employment when a truck driver was assaulted and robbed while working for his employer- there was no evidence that any of the employer's merchandise was stolen from the truck, only the truck driver's personal effects); <u>Herring v. Olsten Temporary Services</u>, VWC File No. 158-43-29 (June 22, 1993) (ruling that an assault did not arise out of the employment when a

custodian at a community center in a housing project was attacked and robbed, even though it was in a high crime area, as nothing belonging to the employer was sought by the robbers); Khalio v. WK's Café, 67 O.I.C. 89 (1988) (ruling assault did not arise out of employment when an employee was robbed of personal money when dumping trash in a dumpster outside his restaurant). Similarly, it is uncontroverted that Dancy only stole personal items from Scott. The employer did not have any property or money taken from them. Following the application of the Act in the above-referenced Commission holdings, Dancy's assault did not arise out of her employment.

The Court below found that the brutal attack on Scott arose out of her employment by relying on the following facts- that because Scott was not Dancy's intended victim, and because they did not have a prior relationship or prior interactions, the attack was not "purely personal in nature." (JA38-JA39). However, contrary to the Court's ruling, it is well-established in Virginia that a criminal attack by a member of the general public may not necessarily arise out of the employment without evidence that the assault was an "actual risk" of the employment. Again, *see e.g.* Hill City v. Trucking, Inc. v. Christian, 238 Va. 735, 385 S.E.2d 377 (1989). Just because Dancy may not have known Scott by name does not mean that the attack arose out of her employment.

Here, Dancy robbed Scott of her personal effects, and proceeded to stab her all over her body, a vicious criminal assault, resulting in her death. The risk to Scott of a criminal assault as a leasing agent in this situation was common to the neighborhood and does not satisfy the arising out of standard.

## CONCLUSION

For the foregoing reasons the District Court's ruling that Scott's claims are barred by the exclusivity provision of the Virginia Workers' Compensation Act should be reversed.

## ORAL ARGUMENT REQUESTED

Tyrone Scott, Administrator of the Estate of Della Scott, respectfully requests that this Court hear oral argument in this case.

Respectfully Submitted,

Tyrone Scott, Administrator of the
Estate of Della Scott, deceased.

/s/Curtis M. Hairston, Jr.
Curtis M. Hairston, Jr. Esquire (VSB#28093)
THE GEE LAW FIRM, P.C.
4719 Nine Mile Road
Henrico, VA  23223
(804) 419-5522 – Telephone
(804) 226-8888 – Facsimile
chairston@geelawfirm.com

*Counsel for Appellant*

13

## CERTIFICATE OF COMPLIANCE

1.     This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

this document contains <u>3,266</u> words.

2.     This document complies with the typeface requirements because:

this document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: July 13, 2017                     <u>/s/Curtis M. Hairston, Jr.</u>
                                                     Curtis M. Hairston, Jr. Esquire (VSB#28093)

*Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 13, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA  23218
(804) 249-7770
shelly@gibsonmoore.net