RECORD NO. 17-1550

In The

# United States Court of Appeals

For The Fourth Circuit

## TYRONE REED SCOTT,
### Administrator of the Estate of Della Scott, Deceased,

*Plaintiff – Appellant*,

**v.**

## CG BELLKOR, LLC, d/b/a Chamberlayne Garden Apartments;
## BLUE VALLEY APARTMENTS, INC.;
## FICKLING MANAGEMENT SERVICES;
## PREMIER RE FUND, III LLC,

*Defendants – Appellees*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

_____

### JOINT BRIEF IN RESPONSE FOR
### APPELLEES BLUE VALLEY APARTMENTS, INC.
### AND FICKLING MANAGEMENT SERVICES

_____

Mark C. Nanavati
G. Christopher Jones, Jr.
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia  23114-4365
(804) 893-3866

Brian A. Richardson
James M. Snyder
MCCANDLISH HOLTON PC
1111 East Main Street, Suite 2100
Richmond, Virginia  23218-0796
(804) 775-3100

*Counsel for Appellee*
*Blue Valley Apartments, Inc.*

*Counsel for Appellee*
*Fickling Management Services*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __17-1550__    Caption: __Tyrone Reed Scott, Administrator v. CG Bellkor, LLC, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

Blue Valley Apartments, Inc.
_____
(name of party/amicus)

_____

 who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐YES ☑NO


2.    Does party/amicus have any parent corporations?    ☑YES ☐NO
      If yes, identify all parent corporations, including all generations of parent corporations:
      Fannie Mae is the sole member of CAM Disposition Holdco, LLC, which is the sole member of
      MF Blue Valley Apartments, LLC, which is the sole stockholder of Blue Valley Apartments, Inc.


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?    ☐YES ☑NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ G. Christopher Jones, Jr.          Date:      April 28, 2017

Counsel for: Blue Valley Apartments, Inc.

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on      April 28, 2017      the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Simone T. Williams, Esq. (VSB #88106)
MCEACHIN & GEE, P.C.
4719 Nine Mile Road
Henrico, Virginia 23223

/s/ G. Christopher Jones, Jr.                    _____
(signature)                                                    (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __17-1550__        Caption: __Tyrone Reed Scott, Administrator b CG Belkor, LLC, et al__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Fickling Management Services, LLC, improperly named as Fickling Management Services__
(name of party/amicus)

_____

who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO


2.    Does party/amicus have any parent corporations?                ☑ YES ☐ NO
      If yes, identify all parent corporations, including all generations of parent corporations:
      Fickling & Company, Inc.



3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                            ☐ YES ☑ NO
      If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct
     financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
     If yes, identify any publicly held member whose stock or equity value could be affected
     substantially by the outcome of the proceeding or whose claims the trade association is
     pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?                        ☐ YES ☑ NO
     If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Brian A. Richardson                    Date:    May 16, 2017

Counsel for: Fickling Management Services, LLC

## CERTIFICATE OF SERVICE
***************************

I certify that on ____May 16, 2017____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Simone T. Williams, Esq. (VSB #88106)
MCEACHIN & GEE, P.C.
4719 Nine Mile Road
Henrico, Virginia 23223

/s/ Brian A. Richardson                              May 16, 2017
       (signature)                                       (date)

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF THE ISSUES............................................................1

STATEMENT OF THE CASE..............................................................1

SUMMARY OF THE ARGUMENT .....................................................4

ARGUMENT .......................................................................................4

    I.     Standard of Review – Rule 12(b)(1) ....................................4

    II.    Standard of Review – Rule 12(b)(6) ....................................5

    III.   The District Court Lacked Subject Matter Jurisdiction ........................7

          A.    Virginia Substantive Law Applies ...............................................7

          B.    The Exclusivity Provision of the VWCA Bars Scott's Claim ...............................................................................................7

          C.    Scott Received Benefits Under the VWCA ...............................8

          D.    Under the Actual Risk Test, Decedent's Death Arose Out of Her Employment....................................................................9

          E.    Dancy's Robbery and Attack Were Directed Against Decedent as an Employee and Did Not Arise Out of Personal Sources ....................................................................13

          F.    The Authority Cited by Scott Is Not Persuasive.......................15

    IV.   Any Error Was Harmless, as Blue Valley and Fickling Had No Duty to Protect Decedent from Third-Party Criminal Acts ................19

i

CONCLUSION .................................................................................................23

ORAL ARGUMENT ..........................................................................................24

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>CASES</u>

<u>A.H. v. Rockingham Publ'g Co.</u>,
255 Va. 216, 495 S.E.2d 482 (1998) ......................................................21, 22

<u>Adams v. Bain</u>,
697 F.2d 1213 (4th Cir. 1982) ........................................................................5

<u>Ashcroft v. Iqbal</u>,
556 U.S. 662 (2009)...................................................................................6, 23

<u>Ayers v. Stoneman</u>,
33 Va. Cir. 314 (Richmond Cir. Ct. 1994) .............................................11, 13

<u>Bell Atl. Corp. v. Twombly</u>,
550 U.S. 544 (2007).........................................................................................6

<u>Bosley v. Shepherd</u>,
262 Va. 641, 554 S.E.2d 77 (2001) .................................................................8

<u>Bradley v. Hotel Jefferson Corp.</u>,
4 Va. Cir. 41 (Richmond Cir. Ct. 1981) ..................................................11, 12

<u>Burch v. Hechinger Co.</u>,
264 Va. 165, 563 S.E.2d 745 (2002) ...............................................................8

<u>Burdette v. Marks</u>,
244 Va. 309, 421 S.E.2d 419 (1992) .......................................................19, 20

<u>Burns v. Gagnon</u>,
283 Va. 657, 727 S.E.2d 634 (2012) .......................................................19, 20

<u>Butler v. Southern States Cooperative</u>,
270 Va. 459, 620 S.E.2d 768 (2005) .............................................................15

Combs v. Va. Elec. & Power Co.,
    259 Va. 503, 525 S.E.2d 278 (2000) ..........................................................8, 9

Commonwealth v. Peterson,
    286 Va. 349, 749 S.E.2d 307 (2013) ................................................20, 21, 22

Conley v. Gibson,
    355 U.S. 41 (1957)....................................................................................6

Cont'l Life Ins. Co. v. Gough,
    161 Va. 755, 172 S.E. 264 (1934) ..................................................................14

Erie R.R. Co. v. Tompkins,
    304 U.S. 64 (1938)....................................................................................7

Francis v. Giacomelli,
    588 F.3d 186 (4th Cir. 2009) ..............................................................5, 6, 23

Gen. Motors Corp. v. Lupica,
    237 Va. 516, 379 S.E.2d 311 (1989) ..........................................................21

Gupton v. Quicke,
    247 Va. 362, 442 S.E.2d 658 (1994) ..........................................................19

Hill City Trucking, Inc. v. Christian,
    238 Va. 735, 385 S.E.2d 377 (1989) ..........................................................18

Hilton v. Martin,
    275 Va. 176, 654 S.E.2d 572 (2008) ..........................................................16

Kellermann v. McDonough,
    278 Va. 478, 684 S.E.2d 786 (2009) ......................................................19, 20

Lucas v. Lucas,
    212 Va. 561, 186 S.E.2d 63 (1972) ..............................................................9

Marshall v. Winston,
    239 Va. 315, 389 S.E.2d 902 (1990) ......................................................19, 20

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,
  591 F.3d 250 (4th Cir. 2009) ....................................................5, 7

Novell, Inc. v. Microsoft Corp.,
  505 F.3d 302 (4th Cir. 2007) .........................................................7

Plummer v. Landmark Communications, Inc.,
  235 Va. 78, 366 S.E.2d 73 (1998) ....................................10, 11, 12

Purves v. Manchester Marketing, Inc.,
  21 Va. Cir. 16 (Richmond Cir. Ct. 1989) ......................................17

R&T Invs. v. Johns,
  228 Va. 249, 321 S.E.2d 287 (1984) ..........................................9, 13

Reamer v. National Service Industries,
  237 Va. 466, 377 S.E.2d 627 (1989) .........................................16, 17

Revene v. Charles Cnty. Comm'rs,
  882 F.2d 870 (4th Cir. 1989) ..........................................................5

Richmond Newspapers, Inc. v. Hazelwood,
  249 Va. 369, 457 S.E.2d 56 (1995) .................................................8

Richmond, Fredericksburg & Potomac R. Co. v. United States,
  945 F.2d 765 (4th Cir. 1991) .......................................................4, 5

Roberson v. Whetsell,
  21 Va. App. 268, 463 S.E.2d 681 (1995) ....................11, 12, 13, 18

Shultz v. Dep't of the Army,
  886 F.2d 1157 (9th Cir. 1989) ........................................................5

Smithfield Packing Co. v. Carlton,
  29 Va. App. 176, 510 S.E.2d 740 (1999) .........................11, 12, 13

Taboada v. Daly Seven, Inc.,
  271 Va. 313, 626 S.E.2d 428 (2006) .............................................22

Thomas Nelson Ltd. P'ship v. Fritz,
      11 Va. App. 269, 397 S.E.2d 891 (1990) ..................................................12, 13

Thompson v. Skate Am., Inc.,
      261 Va. 121, 540 S.E.2d 123 (2001) ......................................................19, 21

United Parcel Serv. of Am. v. Fetterman,
      230 Va. 257, 336 S.E.2d 892 (1985) ...........................................................9

Wood v. Lowe's Home Ctrs., Inc.,
      63 Va. Cir. 461 (Roanoke Cir. Ct. 2003).......................................................14

Wright v. Webb,
      234 Va. 527, 362 S.E.2d 919 (1987) ......................................................21, 22

Yuzefovsky v. St. John's Wood Apartments,
      261 Va. 97, 540 S.E.2d 134 (2001) ...........................................................22

**STATUTE**

Va. Code § 65.2-307(A)................................................................................ 7-8

**RULES**

Fed. R. App. P. 34(a)(1)................................................................................24

Fed. R. Civ. P. 8(a)........................................................................................6

Fed. R. Civ. P. 8(a)(2)....................................................................................6

Fed. R. Civ. P. 12(b)(1).............................................................................4, 7

Fed. R. Civ. P. 12(b)(6).............................................................................5, 6

Fed. R. Civ. P. 12(h)(3)..................................................................................5

## STATEMENT OF THE ISSUES

The plaintiff-appellant, Tyrone Reed Scott ("Scott"), challenges the District Court's finding that the injuries sustained by his decedent, Della Scott ("Decedent"), arose out of Decedent's employment with the defendant-appellees, Blue Valley Apartments, Inc. ("Blue Valley") and Fickling Management Services[1] ("Fickling"), thus rendering this action barred by the exclusivity provision of the Virginia Workers' Compensation Act ("VWCA"). Blue Valley and Fickling maintain the District Court's finding was appropriate or, in the alternative, harmless error, as Scott failed to allege facts sufficient to impose upon Blue Valley and Fickling a duty to protect Decedent from third-party criminal acts.

## STATEMENT OF THE CASE

Scott alleges that, on December 19, 2013, Decedent was employed by Blue Valley and Fickling as a leasing agent for the Chamberlayne Garden Apartments, located at 4307 Chamberlayne Avenue in Richmond, Virginia. (J.A. 16). Scott further alleges that, while Decedent was working in the leasing office, she was approached by Benjamin Dancy ("Dancy"), who asked to speak with a former leasing agent. (J.A. 16). Scott goes on to allege that Decedent told Dancy the former leasing agent no longer worked at the complex, and that Dancy responded by robbing Decedent at knifepoint. (J.A. 17). Finally, Scott alleges that Dancy

---

[1] The proper corporate name is Fickling Management Services, LLC.

directed Decedent and another employee to the bathroom in the leasing office, where Dancy stabbed Decedent to death.  (J.A. 17).

Scott initiated this action with two *Complaints* filed in the Circuit Court for the City of Richmond.  (J.A. 22).  One *Complaint* named as defendants CG Bellkor, LLC d/b/a Chamberlayne Garden Apartments ("CG Bellkor"), a former owner of the Chamberlayne Garden Apartments; Blue Valley, the owner of the Chamberlayne Garden Apartments at the time of the incident in question; and Fickling, the property manager for Chamberlayne Garden Apartments at the time of the incident in question.  (J.A. 15, 22).  The other *Complaint* named a fourth defendant: Premier RE Fund, III LLC ("Premier"), the current owner of the Chamberlayne Garden Apartments.  (J.A. 22).  Substantively, the *Complaints* alleged negligence on the part of CG Bellkor, Premier, Blue Valley, and Fickling in failing to protect Decedent from Dancy's criminal acts.  (J.A. 17, 23-24).

Blue Valley and Fickling each removed one of the lawsuits to the District Court, where the lawsuits were consolidated into a single action.  (J.A. 22-23).  A series of motions were then filed: Fickling's *Motion to Drop Parties*, which sought dismissal of the claims against CG Bellkor and Premier on grounds of fraudulent joinder, and Blue Valley's and Fickling's respective *Motions to Dismiss*, which argued the District Court lacked subject matter jurisdiction, and that the *Complaint* failed to state a claim.  (J.A. 23).

The District Court granted Fickling's *Motion to Drop Parties* on grounds that CG Bellkor and Premier were fraudulently joined, thus leaving Blue Valley and Fickling as the only defendants in this action. (J.A. 29-32, 41). Scott does not appeal this ruling. (Br. of Appellant 1).

The *Motions to Dismiss* raised two arguments: (1) the District Court lacked subject matter jurisdiction, as Scott's exclusive remedy was provided by the VWCA, and (2) Scott failed to allege facts sufficient to impose upon Blue Valley and Fickling a duty to protect Decedent from Dancy's criminal acts. (J.A. 32-33). The District Court granted the *Motions to Dismiss* based on a finding that it lacked subject matter jurisdiction. (J.A. 33-41).

The District Court did not decide the issue of whether Scott failed to state a claim but noted that, "even viewing [Scott's] Complaint in the light most favorable to [Scott], he likely would fail to state a claim upon which relief could be granted." (J.A. 40). The District Court further noted that it "thinks it unlikely that [Scott's] claim could survive an analysis of whether Dancy's attack constituted a 'known or reasonably foreseeable' third party criminal act about which Ms. Scott's employer had a duty to warn or protect." (J.A. 40).

In this appeal, Scott challenges the District Court's decision to grant the *Motions to Dismiss* filed by Blue Valley and Fickling. (Br. of Appellant 1). Scott argues the District Court's ruling was in error, as it was based on the allegedly

3

erroneous finding that Decedent's injuries "arose out of her employment." (Br. of Appellant 3-4). Blue Valley and Fickling maintain the finding of fact and dismissal were both appropriate. In the alternative, Blue Valley and Fickling contend any error by the District Court was harmless, as Scott's *Complaint* failed to state a claim. Accordingly, Blue Valley and Fickling urge the Court to affirm the District Court's dismissal of this action.

## SUMMARY OF THE ARGUMENT

The allegations in the *Complaint*, if proven, would establish that Decedent suffered an injury by accident, arising out of and in the course of her employment. Therefore, Scott's exclusive remedy is provided by the VWCA, and the District Court properly dismissed this action for lack of subject matter jurisdiction. Moreover, even if we assume, *arguendo*, the District Court had subject matter jurisdiction, the dismissal was harmless error, as Blue Valley and Fickling did not have a duty to protect Decedent from the third-party criminal acts at issue. Accordingly, the Court should affirm the District Court's dismissal of this action.

## ARGUMENT

### I.    Standard of Review – Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In ruling on such a motion, a court may

consider the plaintiff's allegations as evidence but need not accept them as true.
Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  Indeed, the court
may also consider and rely upon material outside the pleadings.  Id. (citing Adams,
697 F.2d at 1219).  The plaintiff bears the burden of establishing subject matter
jurisdiction, and if he fails to carry his burden, the court must dismiss the case.  Id.
(citing Adams, 697 F.2d at 1219); see also Fed. R. Civ. P. 12(h)(3) ("If the court
determines at any time that it lacks subject-matter jurisdiction, the court must
dismiss the action.").  If appealed, a district court's decision to dismiss a case for
lack of subject matter jurisdiction is reviewed de novo.  Id. at 768-69 (citing
Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989); Shultz v.
Dep't of the Army, 886 F.2d 1157, 1159 (9th Cir. 1989)).

## II.      Standard of Review – Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss challenges the sufficiency and
plausibility of the plaintiff's allegations.  Francis v. Giacomelli, 588 F.3d 186, 192
(4th Cir. 2009).  In ruling on such a motion, a court should accept all well-pleaded
facts as true and make all reasonable inferences based on such facts in favor of the
plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255
(4th Cir. 2009).  However, the court need not accept the plaintiff's bare allegations
or legal conclusions.  Id.  A court should grant a Rule 12(b)(6) motion to dismiss
where the plaintiff has failed to allege sufficient plausible facts that, if proven,

would entitle him to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive Rule 12(b)(6) scrutiny, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  As such, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right of relief above the speculative level.").

Although Rule 8(a) "does not require 'detailed factual allegations . . . it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough.  Twombly, 550 U.S. at 555.  Similarly, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between *possibility* and *plausibility* of entitlement to relief."  Francis, 588 F.3d at 193 (emphasis added).

If appealed, a district court's decision to dismiss a case for failure to state a claim is reviewed *de novo*.  Nemet Chevrolet, 591 F.3d at 253 (citing Novell, Inc. v. Microsoft Corp., 505 F.3d 302, 307 (4th Cir. 2007)).

## III.    The District Court Lacked Subject Matter Jurisdiction.

The allegations in the *Complaint* indicate that Decedent suffered an injury by accident, arising out of and in the course of her employment.  As such, the District Court properly concluded that Scott's exclusive remedy was provided by the VWCA and properly dismissed this action for lack of subject matter jurisdiction.  The District Court's dismissal under Rule 12(b)(1) should be affirmed.

### A.    Virginia Substantive Law Applies.

Where federal jurisdiction is based upon diversity of citizenship, the relevant state substantive law controls.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Accordingly, the Court should evaluate the parties' claims and defenses under the substantive law of Virginia, including the exclusivity provision of the VWCA.

### B.    The Exclusivity Provision of the VWCA Bars Scott's Claim.

The remedies provided by the VWCA are generally exclusive of all other rights and remedies potentially available to an employee who has received benefits under the VWCA.  Indeed, Virginia Code § 65.2-307(A) provides:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

The issue of whether the VWCA bars a claim is a jurisdictional question.  See Burch v. Hechinger Co., 264 Va. 165, 169 (2002) (citing Bosley v. Shepherd, 262 Va. 641, 648, 554 S.E.2d 77, 81 (2001)).

An injury is subject to the exclusivity provision of the VWCA when the injury meets three criteria: (1) it is an injury by accident; (2) it is an injury arising out of employment; and (3) it is an injury in the course of employment.  Combs v. Va. Elec. & Power Co., 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000) (quoting Richmond Newspapers, Inc. v. Hazelwood, 249 Va. 369, 372, 457 S.E.2d 56, 58 (1995)).  Here, Scott concedes that two of the three elements are satisfied – namely, that Decedent suffered an injury by accident and an injury in the course of employment.  (Br. of Appellant 5).  Moreover, for the reasons that follow, the Court should find the third element is also satisfied – namely, that Decedent's injury arose out of her employment, thus barring Scott's claims.

### C.    Scott Received Benefits Under the VWCA.

In addition to the case at hand, Scott filed a claim for, and received, benefits under the VWCA: Della Scott v. Strategic Outsourcing Inc., et al., Virginia

8

Workers' Compensation Commission, Case No. VA00000880562.  (J.A. 19-20).

This means Scott argued to another tribunal, and such other tribunal agreed, that

Decedent suffered an injury arising out of her employment.  The Court should not

be persuaded by Scott's argument for an inconsistent result herein.

> **D.    Under the Actual Risk Test, Decedent's Death Arose Out of Her Employment.**

In Virginia, to determine whether an injury arose out of employment, courts

"apply an 'actual risk test,' meaning that the employment must expose the

employee to the particular danger causing the injury, notwithstanding the public's

exposure generally to similar risks."  <u>Combs</u>, 259 Va. at 510, 525 S.E.2d at 282

(citing <u>Lucas v. Lucas</u>, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972)).  If there is a

causal connection between the plaintiff's injury and the conditions of employment,

then the injury arose out of the employment.  <u>Id.</u> (citing <u>United Parcel Serv. of Am.

v. Fetterman</u>, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985)).  In an assault case,

"the requisite nexus . . . is supplied, if there is a 'showing that the probability of

assault was augmented either because of the peculiar character of the [plaintiff's]

job or because of the special liability to assault associated with the environment in

which he must work.'"  <u>R&T Invs. v. Johns</u>, 228 Va. 249, 253, 321 S.E.2d 287,

289 (1984) (citation omitted).

The Supreme Court of Virginia has held that an injury arises out of employment when the injury is caused by a dangerous condition of which the employer has knowledge but against which the employer fails to provide reasonable protection. In Plummer v. Landmark Communications, Inc., the plaintiff was assaulted while waiting to pick up newspapers for her delivery route. 235 Va. 78, 80, 366 S.E.2d 73, 73 (1998).  The plaintiff alleged that the defendant was guilty of negligence for failing to provide her with a safe place to work and for sending her to work without taking reasonable measures to protect her.  Id. at 86, 366 S.E.2d at 76.  The plaintiff alleged she had constantly expressed to the defendant concern about waiting to pick up papers in a deserted lot.  Id. at 86, 366 S.E.2d at 77.  Moreover, another newspaper carrier had already reported to the defendant problems with third-parties.  Id.  Therefore, the defendant knew of dangerous conditions and previous problems for its carriers and employees prior to the attack of the plaintiff.  Id. at 86-87, 366 S.E.2d at 77.

The Supreme Court of Virginia found the exclusivity provision of the VWCA barred the plaintiff's claim, as the plaintiff's facts, if proven, would demonstrate the accident arose out of her employment.  Id. at 87, 366 S.E.2d at 77. "An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed."  Id.  Because the plaintiff alleged she and the defendant

knew of the dangerous condition of her work, her claim was squarely within these principles.  Id.; see also Bradley v. Hotel Jefferson Corp., 4 Va. Cir. 41 (Richmond Cir. Ct. 1981) (holding the rape of a hotel desk clerk arose out of her employment because the hotel was located in a high-crime area, rapes and other assaults were foreseeable, and the hotel owner failed to take reasonable safety measures).

Furthermore, Virginia courts have held that an injury arises out of employment when the injury is caused by a danger to which the plaintiff is exposed because of his job duties, even if members of the general public are exposed to similar dangers.  See, e.g., Roberson v. Whetsell, 21 Va. App. 268, 463 S.E.2d 681 (Va. Ct. App. 1995) (holding the shooting death of a custodian arose out of his employment because the custodian's job required driving through a high-crime area and past a building where there were frequent shootings); see also Smithfield Packing Co. v. Carlton, 29 Va. App. 176, 510 S.E.2d 740 (Va. Ct. App. 1999) (holding the assault of a truck driver arose out of his employment because the assault was triggered by another driver's outrage at the truck driver's need to occupy part of two lanes to negotiate a turn).

Still further, Virginia courts have held that an injury arises out of employment when the injury is caused by an assault stemming from a work-related interaction.  See, e.g., Ayers v. Stoneman, 33 Va. Cir. 314 (Richmond Cir. Ct. 1994) (holding the assault of a paver by several of his co-workers arose out of the

paver's employment because the assault was the culmination of an argument over work uniforms); see also Thomas Nelson Ltd. P'ship v. Fritz, 11 Va. App. 269, 397 S.E.2d 891 (Va. Ct. App. 1990) (holding the death of a hotel maintenance engineer arose out of his employment because there was evidence sufficient to infer the engineer was killed by a vagrant he attempted to remove from the hotel).

Like the plaintiffs in Plummer and Bradley, Scott alleges that Blue Valley and Fickling had notice of a dangerous condition and failed to protect their employee from such condition. Specifically, Scott alleges that Blue Valley and Fickling knew about criminal activity in and around the apartment complex but failed to hire security or take other steps necessary to protect Decedent. (J.A. 17). Therefore, like the courts in Plummer and Bradley, this Court should find that Decedent's death arose out of her employment with Blue Valley and Fickling.

Furthermore, like the plaintiffs in Roberson and Smithfield, Decedent was injured because of a danger to which she was exposed as a result of her job duties. Decedent's job required her to be in the leasing office of an apartment complex located in a high-crime area. (J.A. 16-17). While members of the general public might be exposed to similar risk when they choose to pass through the area, Decedent was required to be in the area because of her

12

employment.[2]  Therefore, like the courts in <u>Roberson</u> and <u>Smithfield</u>, this Court

should find that Decedent's death arose out of her employment with Blue Valley

and Fickling.

Finally, like the plaintiffs in <u>Ayers</u> and <u>Thomas Nelson</u>, Scott alleges that

Decedent's attack stemmed from a work-related interaction.  Indeed, Decedent's

attack flowed directly from Decedent's conversation with Dancy about a former

co-worker.  (J.A. 16-17).  Therefore, like the courts in <u>Ayers</u> and <u>Thomas Nelson</u>,

this Court should find that Decedent's death arose out of her employment with

Blue Valley and Fickling.  Accordingly, this Court should affirm the District

Court's dismissal of this action for lack of subject matter jurisdiction.

### E.    Dancy's Robbery and Attack Were Directed Against Decedent as an Employee and Did Not Arise Out of Personal Sources.

The assault on Decedent occurred because she was an employee and not for

reasons personal to her.  Assaults in the workplace are cast into two categories:

(1) assaults directed against an employee because of employment status, which are

compensable under the VWCA, and (2) assaults arising from personal sources,

---

[2] The Court of Appeals of Virginia drew this very distinction in <u>Roberson</u>:
"[C]laimant has shown that Whetsell was required as a condition of his
employment, to pass by a public housing complex where gunfire was
commonplace.  The general public passes through the intersection also, just as they
did through the bank in <u>R&T Investments, Ltd.</u>  But unlike the general public,
Whetsell was required, as a condition of his employment, to make 'repeated,
regular trips' through the area."  21 Va. App. at 273, 463 S.E.2d at 683.

which are not compensable under the VWCA. An intentional assault only falls within the VWCA if it was directed against an individual "as an employee, or because of his employment." Wood v. Lowe's Home Ctrs., Inc., 63 Va. Cir. 461, 463-64 (Roanoke Cir. Ct. 2003) (quoting Cont'l Life Ins. Co. v. Gough, 161 Va. 755, 760, 172 S.E. 264, 266 (1934)).

In Gough, a boy brutally assaulted the plaintiff by striking him in the head several times with a hatchet. 161 Va. at 760, 172 S.E. at 266. At the time of this assault, the plaintiff, while in the course and scope of his employment, was giving the boy a ride in his car. Id. at 757, 172 S.E. at 265. The defendant argued the assault was personal to the plaintiff and not undertaken because of the plaintiff's employment. The Supreme Court of Virginia disagreed, finding the purpose of the assault was to steal the employer's money, which the employee had in his possession. Id. at 762, 172 S.E. at 267. Therefore, the Supreme Court of Virginia held the assault arose out of the plaintiff's employment and was compensable under the VWCA. Id. at 763, 172 S.E. at 267.

Here, Scott's allegations likewise prove that Decedent's assault arose out of her employment. The facts, as alleged by Scott, establish this was an assault of a Blue Valley and Fickling employee, not an assault personal to Decedent. Dancy came to the apartment complex looking for someone other than Decedent – namely, a former leasing agent who no longer worked at the apartment complex.

14

(J.A. 16).  Furthermore, Dancy only turned his attention to Decedent after she told

Dancy the person he was looking for no longer worked at the apartment complex.

(J.A. 17).  There is no indication that Dancy and Decedent had ever met before, or

that Dancy had any personal motive for assaulting Decedent.  Still further, Dancy's

attack was not limited to Decedent, but also extended to her co-worker in the

leasing office.  (J.A. 17).  As such, this incident was directed against Decedent as

an employee or because of her employment.  Accordingly, the incident in question

satisfies the "arising out of employment" element, and renders Scott's claim barred

by the exclusivity provision of the VWCA.

### F.     The Authority Cited by Scott Is Not Persuasive.

Scott relies on <u>Butler v. Southern States Cooperative</u>, 270 Va. 459, 620

S.E.2d 768 (2005), which is readily distinguishable.  In <u>Butler</u>, the plaintiff alleged

that the defendant's conduct was "the result of his asserted personal attraction,"

and that the defendant had previously made comments about wanting to date her.

<u>Id.</u> at 466, 620 S.E.2d at 772.  On this basis, the Supreme Court of Virginia held

the plaintiff's sexual assault was personal in nature and therefore did not arise out

of her employment.  <u>Id.</u> at 466, 620 S.E.2d at 772-73.  Here, Scott makes no

remotely similar allegations – e.g., that Dancy knew Decedent or had seen or heard

about Decedent.  In fact, Scott's allegations clearly indicate the assault at issue was

15

not personal, as Dancy allegedly asked for another individual by name prior to assaulting Decedent.  (J.A. 16-17).

Scott also relies on <u>Hilton v. Martin</u>, 275 Va. 176, 654 S.E.2d 572 (2008), another case that is easily distinguished.  In <u>Hilton</u>, the plaintiff alleged she was assaulted by a co-worker who was known to "harass his female co-workers" and "exhibit[] childish and immature behavior."  <u>Id.</u> at 178, 654 S.E.2d at 573.  On this basis, the Supreme Court of Virginia held the plaintiff's assault was personal in nature and therefore did not arise out of her employment.  <u>Id.</u> at 181, 654 S.E.2d at 575.  Here, Scott does not allege that Decedent was assaulted by a co-worker or any other individual she knew.  Rather, Scott alleges that Decedent was assaulted by an individual who came into the leasing office for an unknown purpose and asked for another individual by name.  This is the epitome of an impersonal attack.

Furthermore, Scott relies on <u>Reamer v. National Service Industries</u>, 237 Va. 466, 377 S.E.2d 627 (1989), yet another case distinguishable from the case at hand. In <u>Reamer</u>, the plaintiff alleged she was assaulted by a customer with whom she was personally acquainted.  <u>Id.</u> at 471, 377 S.E.2d at 630.  The plaintiff further alleged that she had spoken to the defendant in the store on several occasions, that the defendant's first question upon entering the store was whether he was alone with the plaintiff, and that the defendant robbed the plaintiff and threatened to kill the plaintiff and her children.  <u>Id.</u>  On this basis, the Supreme Court of Virginia

held the plaintiff's assault was personal in nature and therefore did not arise out of

her employment.  Id.  The similarities between Reamer and the instant case are far

fewer than Scott would have the Court believe.  Of particular note, Scott has not

alleged that Decedent was personally acquainted with Dancy, that Decedent had

previously spoken to Dancy (on even one occasion), that Dancy asked for

Decedent or made any attempt to ensure he was alone with Decedent, or that

Dancy made any threats directed at Decedent's family or loved ones.  Accordingly,

Reamer is too dissimilar from a factual standpoint to guide this Court's decision.

    Still further, Scott relies on Purves v. Manchester Marketing, Inc., 21 Va.

Cir. 16 (Richmond Cir. Ct. 1989), another case distinguishable from the case at

hand.  In Purves, the Circuit Court for the City of Richmond held that the assault of

a convenience store employee was personal in nature and did not arise out of her

employment.  Id. at 16.  In support of its holding, the court noted, *inter alia*, that

the assailant came by the store earlier in the day and asked the plaintiff for a date.

Id.  The court further noted that there was no evidence the assailant conducted any

business at the convenience store, interacted with the plaintiff in her capacity as an

employee, or took anything belonging to the convenience store.  Id. at 16-17.  In

contrast, Scott does not allege any prior interactions between Decedent and alleges

that the assault at issue arose out of a work-related interaction with Dancy.  (J.A.

16-17).  As such, the Court should not be persuaded by the decision in Purves.

17

In addition, Scott relies on <u>Hill City Trucking, Inc. v. Christian</u>, 238 Va. 735, 385 S.E.2d 377 (1989), a case already distinguished by the Court of Appeals of Virginia. <u>See</u> <u>Roberson</u>, 21 Va. App. at 273-74, 463 S.E.2d at 684 (distinguishing <u>Hill City</u> on grounds the plaintiff therein failed to show he was at any greater risk than any other driver on the road at the time of the assault). If we accept Scott's allegations as true, then the instant case falls squarely within the <u>Roberson</u> distinction. Decedent's job required her to work in an area with "increased criminal activity" and to interact with individuals, like Dancy, who entered the leasing office. (J.A. 16-17). These aspects of Decedent's employment augmented her risk of assault, even if only slightly, and thereby render Scott's reliance on <u>Hill City</u> inapposite.

Finally, Scott's string citation of cases involving attacks by members of the general public does not include a single case remotely similar to the instant case. (Br. of Appellee 11-12). Indeed, while Dancy approached and interacted with Decedent in her capacity as an employee, each of the cases cited by Scott involved an assailant approaching his victim in a different capacity – namely, the target of a crime. This is a material factual distinction when the operative issue is whether an attack was personal or directed toward an individual in her capacity as an employee or because of her employment. Accordingly, the Court should not be

18

persuaded by the case law cited by Scott and should instead affirm the District Court's dismissal of this action for lack of subject matter jurisdiction.

## IV.  Any Error Was Harmless, as Blue Valley and Fickling Had No Duty to Protect Decedent from Third-Party Criminal Acts.

For the reasons stated above, Blue Valley and Fickling maintain the District Court was correct in dismissing Scott's claim for lack of subject matter jurisdiction.  However, if this Court disagrees, it should nevertheless affirm the District Court's ruling on grounds the error was harmless, as Scott failed to allege facts sufficient to impose upon Blue Valley and Fickling a duty to protect Decedent from the third-party criminal acts at issue.

Under Virginia law, the existence of a duty to warn or protect is a pure question of law.  Burns v. Gagnon, 283 Va. 657, 668, 727 S.E.2d 634, 642 (2012) (quoting Kellermann v. McDonough, 278 Va. 478, 487, 684 S.E.2d 786, 790 (2009)).  In general, one does not have a duty to warn or protect another from third-party criminal acts.  E.g., Thompson v. Skate Am., Inc., 261 Va. 121, 128-29, 540 S.E.2d 123, 127 (2001) (quoting Gupton v. Quicke, 247 Va. 362, 363, 442 S.E.2d 658, 658 (1994)).  This is particularly the case when the third-party criminal act is assaultive in nature, as such an act is not reasonably foreseeable.  Burdette v. Marks, 244 Va. 309, 311-12, 421 S.E.2d 419, 420 (1992) (citing Marshall v. Winston, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990)).  However, a narrow

exception to this general rule exists when there is a special relationship between the plaintiff and the defendant or between the defendant and the third-party criminal actor.  Id. at 312, 421 S.E.2d at 420 (citing Marshall, 239 Va. at 318, 389 S.E.2d at 904).

The Supreme Court of Virginia has recognized special relationships in a number of cases, including the cases of a business owner and invitee, an innkeeper and guest, an employer and employee, and a common carrier and passenger. Burns, 283 Va. at 669, 727 S.E.2d at 642 (quoting Kellermann, 278 Va. at 492, 684 S.E.2d at 793).  Moreover, the Supreme Court of Virginia has cautioned against the recognition of additional special relationships.  Id. at 669-70, 727 S.E.2d at 642-43 (citing Kellermann, 278 Va. at 492, 684 S.E.2d at 793).  Of the special relationships listed above, only the employer-employee and business owner-invitee special relationships potentially apply in this matter.

Depending upon the nature of the special relationship, courts apply one of two tests in determining the degree of foreseeability of harm that must be established to impose upon the defendant a duty to warn or protect. Commonwealth v. Peterson, 286 Va. 349, 357, 749 S.E.2d 307, 311 (2013).  In the case of an employer-employee special relationship, courts require a showing of "known or reasonably foreseeable harm," and in the case of a business owner-invitee special relationship, courts require a showing of "'imminent probability of

harm'" – i.e., "'know[ledge] that criminal assaults against persons are occurring, or are about to occur, on the premises'" based upon "'notice of a specific danger just prior to the assault.'" Id. at 357, 749 S.E.2d at 311-12 (quoting Thompson, 261 Va. at 128-29, 540 S.E.2d at 127)).

Here, Scott's allegations are insufficient to show "known or reasonably foreseeable harm," much less "imminent probability of harm." Indeed, while Scott alleges that Decedent notified Blue Valley and Fickling of "criminal activity" in and around the apartment complex, Scott provides no information whatsoever regarding the nature of this criminal activity. This is significant, as only substantially similar prior incidents are probative of whether Blue Valley or Fickling had a duty to warn or protect. See A.H. v. Rockingham Publ'g Co., 255 Va. 216, 224, 495 S.E.2d 482, 487 (1998) (citing Gen. Motors Corp. v. Lupica, 237 Va. 516, 521, 379 S.E.2d 311, 314 (1989)); see also Wright v. Webb, 234 Va. 527, 531, 362 S.E.2d 919, 921 (1987) ("[K]nowledge of prior crimes against property does not create a duty upon a business invitor to anticipate and guard against assaults upon its invitees, offenses involving a substantially different kind of criminal behavior.").

Similarly, Scott's *Complaint* is silent regarding the frequency of various criminal acts in the area – e.g., five murders per year versus one murder in the last five years – and does not contain any allegation of prior criminal conduct of any

kind in the leasing office.  Allegations of this sort are necessary to show "known or reasonably foreseeable harm."  <u>See, e.g.</u>, <u>A.H. v. Rockingham Publ'g Co.</u>, 255 Va. 216, 221-22, 495 S.E.2d 482, 486 (1998) (finding no duty to protect where there was evidence of three prior sexual assaults over a five-year period but such assaults occurred on other paper routes).  <u>See generally</u> <u>Peterson</u>, 286 Va. at 355, 749 S.E.2d at 311 (quoting <u>Taboada v. Daly Seven, Inc.</u>, 271 Va. 313, 322-23, 626 S.E.2d 428, 432 (2006)) (describing the exceptions to the general rule of non-liability for third-party criminal conduct as "narrow").

Finally, Scott has not alleged any facts to show notice of a specific danger – e.g., that Blue Valley or Fickling knew Decedent was being assaulted or was about to be assaulted, that Blue Valley or Fickling knew an armed individual was inside the leasing office or about to enter the leasing office, etc.  Without any such allegation, there can be no "imminent probability of harm."  <u>See</u> <u>Wright</u>, 234 Va. at 533, 362 S.E.2d at 922 (stating that previous criminal activity is not sufficient to impose liability on a business owner, and that "notice of a specific danger just prior to assault" is necessary); <u>see also</u> <u>Yuzefovsky v. St. John's Wood Apartments</u>, 261 Va. 97, 109, 540 S.E.2d 134, 141 (2001) (holding that, as a matter of law, the occurrence of 656 crimes, including 113 crimes against individuals, within the year immediately preceding the assault in question did not support a finding of imminent probability of harm).

In light of Scott's failure to allege even the most basic facts regarding the nature and extent of the "criminal activity" in and around the apartment complex, the Court should not impose upon Blue Valley or Fickling a duty to warn or protect. See, e.g., Francis, 588 F.3d at 193 ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring a complaint to state a claim that is plausible on its face). In the absence of such a duty, the dismissal of Scott's claim was proper, even if the District Court had subject matter jurisdiction. Accordingly, the Court should affirm the District Court's ruling.

## CONCLUSION

The District Court properly concluded that Scott alleged an injury arising out of employment and, therefore, properly dismissed Scott's claim for lack of subject matter jurisdiction. Moreover, even if we assume, *arguendo*, the District Court had subject matter jurisdiction, it was still proper to dismiss Scott's claim for lack of a duty to protect Decedent from third-party criminal acts. Accordingly, the Court should affirm the District Court's dismissal of this action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

# ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a)(1), Blue Valley and Fickling respectfully request that oral argument <u>not</u> be permitted, as the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.


Respectfully submitted,

/s/ Mark C. Nanavati
MARK C. NANAVATI
   mnanavati@snllaw.com
   *Counsel of Record*
G. CHRISTOPHER JONES, JR.
   **SINNOTT, NUCKOLS & LOGAN, P.C.**
   13811 Village Mill Drive
   Midlothian, Virginia 23114-4365
   (804) 893-3866

*Counsel for Appellee*
*Blue Valley Apartments, Inc.*


BRIAN A. RICHARDSON
   brichardson@lawmh.com
   *Counsel of Record*
JAMES M. SNYDER
   **MCCANDLISH HOLTON PC**
   1111 East Main Street, Suite 2100
   Richmond, Virginia 23218-0796
   (804) 775-3100

*Counsel for Appellee*
*Fickling Management Services*

No. 17-1550

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TYRONE REED SCOTT, ADMINISTRATOR OF THE
ESTATE OF DELLA SCOTT, DECEASED,
*Plaintiff-Appellant,*

v.

CG BELLKOR, LLC, D/B/A CHAMBERLAYNE GARDEN APARTMENTS;
BLUE VALLEY APARTMENTS, INC.; FICKLING MANAGEMENT SERVICES;
AND PREMIER RE FUND, III LLC,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing *Joint Brief in Response for Appellees Blue Valley Apartments, Inc. and Fickling Management Services* complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 5,585 words, as determined by the word-count function of Microsoft Word, excluding the portions of the brief exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that the foregoing *Joint Brief in Response for Appellees Blue Valley Apartments, Inc. and Fickling Management Services* complies with the typeface requirements of Federal Rules of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

Executed on the 31st day of August, 2017.

/s/ Mark C. Nanavati

MARK C. NANAVATI
     mnanavati@snllaw.com
     *Counsel of Record*
**SINNOTT, NUCKOLS & LOGAN, P.C.**
13811 Village Mill Drive
Midlothian, Virginia 23114-4365
(804) 893-3866

*Counsel for Appellee*
*Blue Valley Apartments, Inc.*

No. 17-1550

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

TYRONE REED SCOTT, ADMINISTRATOR OF THE
ESTATE OF DELLA SCOTT, DECEASED,
*Plaintiff-Appellant,*

v.

CG BELLKOR, LLC, D/B/A CHAMBERLAYNE GARDEN APARTMENTS;
BLUE VALLEY APARTMENTS, INC.; FICKLING MANAGEMENT SERVICES;
AND PREMIER RE FUND, III LLC,
*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Eastern District of Virginia

---

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that, on this 31st day of August, 2017, I caused the foregoing *Joint Brief in Response for Appellees Blue Valley Apartments, Inc. and Fickling Management Services* to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Curtis M. Hairston, Jr.
THE GEE LAW FIRM, P.C.
4719 Nine Mile Road
Henrico, Virginia  23223

I further certify that on this 31st day of August, 2017, I caused the required

copy of this Joint Brief to be hand filed with the Clerk of the Court.

Executed on the 31ˢᵗ day of August, 2017.

/s/ Mark C. Nanavati
MARK C. NANAVATI
    mnanavati@snllaw.com
    *Counsel of Record*
**SINNOTT, NUCKOLS & LOGAN, P.C.**
13811 Village Mill Drive
Midlothian, Virginia 23114-4365
(804) 893-3866

*Counsel for Appellee*
*Blue Valley Apartments, Inc.*